**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-cv-25223-BLOOM/Otazo-Reyes**

QUANTUM SUPPLY B.V.,
*a Dutch limited liability company*,

    Plaintiff,

v.

MERCURY AIR CARGO INC.,
*a California Corporation*,

    Defendant.

_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant Mercury Air Cargo Inc.'s ("Defendant") Motion to Dismiss Count II of Plaintiff's Corrected Amended Complaint, ECF No. [11] ("Motion"). Plaintiff Quantum Supply B.V. ("Plaintiff") filed a Response in Opposition, ECF No. [23] ("Response"), to which Defendant replied, ECF No. [24] ("Reply"). The Court has carefully reviewed the Motion, all supporting and opposing submissions, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted with leave to amend.

**I. BACKGROUND**

On September 18, 2020, Plaintiff initiated this breach of contract and negligence action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. ECF No. [1-2] at 4-10. On December 23, 2020, Defendant removed this action to federal court on the basis of diversity jurisdiction. ECF No. [1]. On January 18, 2021, Plaintiff filed a Corrected

Amended Complaint, which asserted two counts: Count I – Breach of Contract and Count II – Unjust Enrichment (pled in the alternative). ECF No. [10] ("Amended Complaint").

The Amended Complaint alleges that in June 2019, Plaintiff contracted with Defendant to transfer cargo by air from the Netherlands to Venezuela, with stopping points in New York City and Miami. ECF No. [10] ¶¶ 1, 12.[1] The parties dispute whether the cargo was damaged beyond repair while in transit to Miami or was provided in good condition. Ultimately, however, the Amended Complaint alleges that the cargo needed to be replaced and the shipping transaction repeated. *Id.* Plaintiff alleges that Defendant abandoned the damaged cargo, thus forcing it to store the cargo in a warehouse in Miami. *Id.* ¶¶ 27-28. The Amended Complaint further alleges that Defendant has willfully failed to fulfill its contractual obligations by failing to deliver the cargo in good order and that Plaintiff has accordingly been damaged by Defendant's negligence and breach. *Id.* ¶¶ 29-30.

Relevant to the instant Motion, in Count II of the Amended Complaint, Plaintiff alleges that Defendant was unjustly enriched by its failure to fully provide the agreed cargo services because Plaintiff provided a payment for cargo services and the transaction was not completed. *Id.* ¶¶ 37-41. Defendant now moves to dismiss Count II, arguing that Plaintiff cannot plead a cause of action for unjust enrichment when an express contract exists and neither party contests its existence. ECF No. [11] at 2-3.

## II. LEGAL STANDARD

Rule 8 of the Federal Rules requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and

---

[1] A copy of the contractual agreement between the parties is attached to the Amended Complaint. *See* ECF No. [10-3] ("Air Waybill").

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6), which requests dismissal for "failure to state a claim upon which relief can be granted."

As a general rule, when reviewing a motion under Rule 12(b)(6), a court must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. V. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this principle does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1252 (11th Cir. 2006). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." (citing *Horsley v. Feldt*, 304 F.3d 1125 (11th Cir. 200))).

"On a Rule 12(b)(6) motion to dismiss, '[t]he moving party bears the burden to show that the complaint should be dismissed.'" *Sprint Sols., Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014) (quoting *Mendez-Arriola v. White Wilson Med. Ctr. PA*, No. 09-495, 2010 WL 3385356, at *3 (N.D. Fla. Aug. 25, 2010)). "The movant must support its arguments for dismissal with citations to legal authority." *Id.* (citing S.D. Fla. L.R. 7.1(a)(1)). "Where a defendant seeking dismissal of a complaint under Rule 12(b)(6) does not provide legal authority in support of its arguments, it has failed to satisfy its burden of establishing its entitlement to dismissal." *Id.* (citing *Superior Energy Servs., LLC v. Boconco, Inc.*, No. CA 09-0321-KD-C, 2010 WL 1267173, at *5-6 (S.D. Ala. Mar. 29, 2010); *United States v. Vernon*, 108 F.R.D. 741, 742 (S.D. Fla. 1986)).

## III. DISCUSSION

In the instant Motion, Defendant's main argument is that Plaintiff's unjust enrichment claim is unavailable as a matter of law because an express contract between the parties exists. ECF No. [11] at 3-4 (citing *Zarrella v. Pac. Life Ins. Co.*, 755 F. Supp. 2d 1218 (S.D. Fla. 2010)). In its Response, however, Plaintiff argues that, even when an express contract exists, a claim for unjust enrichment can be a proper cause of action where the damages sought fall outside the scope of the contract and the damages awarded from the breach of contract would be inadequate in light of the total damage incurred. ECF No. [23] at 3 (citing *AutoNation, Inc. v. GAINSystems, Inc.*, No. 08-61632-CIV, 2009 WL 1941279, at *4 (S.D. Fla. July 7, 2009)). Specifically, Plaintiff contends that its unjust enrichment count is appropriate in this case because "[t]he transfer and storage costs associated with [Defendant] abandoning the damaged goods and [Plaintiff] holding these goods at a local Miami warehouse . . . may fall outside of the contract at issue." *Id.* at 2. In its Reply, Defendant re-asserts that unjust enrichment is not an available remedy where a valid contract exists. ECF No. [24] at 1.

The general rule in Florida is that a plaintiff cannot pursue an equitable remedy, such as a claim for unjust enrichment, "where an express contract exists concerning the same subject matter." *Kovtan v. Frederiksen*, 449 So. 2d 1, 1 (Fla. 2d DCA 1984). Therefore, an "unjust enrichment claim is precluded by the existence of an express contract between the parties concerning the same subject matter." *Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So. 2d 696, 697 (Fla. 1st DCA 2008); *see also 1021018 Alberta Ltd. v. Netpaying, Inc.*, No. 8:10-cv-568-T-27MAP, 2011 WL 1103635, at *5 (M.D. Fla. Mar. 24, 2011) (Florida courts have held that "a plaintiff cannot pursue a quasi-contract claim for unjust enrichment if an express contract exists concerning the same subject matter."); *Zarrella*, 755 F. Supp. 2d at 1227. However, a party may plead a cause of action for unjust enrichment in the alternative to a breach of contract count. *See ThunderWave, Inc. v. Carnival Corp.*, 954 F. Supp. 1562, 1566 (S.D. Fla. 1997). One instance where a party may properly assert an alternative claim for unjust enrichment where a valid contract otherwise exists is "when the quasi-contractual claims concern matters which are outside the scope of the contract." *AutoNation, Inc.*, 2009 WL 1941279, at *4 (citing *In re Managed Care Litig.*, 135 F. Supp. 2d 1253, 1269 (S.D. Fla. 2001) (recognizing the legitimacy of a quasi-contractual claim despite the existence of a contract because "there may be matters of dispute which are outside the scope of the contracts")).

Here, Plaintiff is generally correct that the existence of a valid contract, on its own, does not bar an unjust enrichment claim where the damages alleged fall outside the scope of the contract. However, upon a review of the allegations in the Amended Complaint, the Court finds Count II to be insufficiently pled to the extent that Plaintiff attempts to assert an alternative unjust enrichment count for damages that fall outside the scope of the parties' contractual agreement. Indeed, although Plaintiff's Response to Defendant's Motion seeks to clarify that the unjust enrichment

count in the Amended Complaint seeks to assert a claim for any damages falling beyond the scope of the parties' contractual agreement, the Court notes that the Amended Complaint lacks any allegations that would support this position. *See Hill-Brown v. LaHood*, No. 1:09-cv-848-TCB-ECS, 2010 WL 11506075, at *5 n.5 (N.D. Ga. Nov. 2, 2010) (noting that a "response to a motion to dismiss does not amend the complaint" (citations omitted)). Absent any allegations regarding damages falling outside of the scope of the contractual agreement, the Court concludes that Defendant's Motion is due to be granted. However, to the extent that Plaintiff can include additional allegations in its unjust enrichment claim clarifying its position, the Court finds that it should be granted an opportunity to do so. Therefore, Plaintiff is granted leave to amend Count II to cure the deficiencies noted above.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [11],** is **GRANTED**. **Count II** of Plaintiff's Amended Complaint, **ECF No. [10]**, is **DISMISSED WITH LEAVE TO AMEND**. **By no later than April 5, 2021**, Plaintiff may file a second amended complaint that cures the deficiencies to Count II discussed above.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 24, 2021.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record