UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-25223-BLOOM/Otazo-Reyes

QUANTUM SUPPLY B.V.,
*a Dutch limited liability company*,

      Plaintiff,

v.

MERCURY AIR CARGO INC.,
*a California Corporation*,

      Defendant.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Mercury Air Cargo Inc.'s ("Defendant") Motion to Dismiss Count II of Plaintiff's Second Amended Complaint, ECF No. [27] ("Motion"). Plaintiff Quantum Supply B.V. ("Plaintiff") filed a Response, ECF No. [35] ("Response"), to which Defendant filed a Reply, ECF No. [38] ("Reply"). The Court has carefully reviewed the Motion, all supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

**I. BACKGROUND**

On September 18, 2020, Plaintiff initiated this breach of contract and negligence action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. ECF No. [1-2] at 4-10. On December 23, 2020, Defendant removed this action to federal court on the basis of diversity jurisdiction. ECF No. [1]. On January 18, 2021, Plaintiff filed a Corrected Amended Complaint, which asserted two counts: Count I – Breach of Contract and Count

II – Unjust Enrichment (pled in the alternative). ECF No. [10] ("Amended Complaint"). Defendant moved to dismiss Count II, arguing that Plaintiff could not assert a cause of action for unjust enrichment when an express contract exists and neither party contests its existence. ECF No. [11]. Plaintiff opposed the motion to dismiss on the basis that the unjust enrichment count was pled in the alternative to cover any damages falling outside the scope of the contracts at issue. This Court granted the motion to dismiss because Plaintiff had failed to plead any facts regarding damages falling outside of the scope of the contract and permitted leave to amend. ECF No. [25] ("Order").

Plaintiff has now filed a Second Amended Complaint, ECF No. [26] ("SAC"), which again asserts two counts, one for breach of contract and the other for unjust enrichment. Defendant submitted an Answer and Affirmative Defenses to Plaintiff's SAC, in which it admits that the parties entered into a written agreement for the transportation of two pieces of freight. ECF No. [28] ¶ 12 ("Answer").

Relevant to the instant Motion, the SAC alleges that in June 2019, Plaintiff contracted with Defendant to transfer cargo by air from the Netherlands to Venezuela, with stopping points in New York City and Miami. ECF No. [26] ¶¶ 1, 12.[1] The parties dispute whether the cargo was damaged beyond repair while in transit to Miami or was provided in good condition. Ultimately, however, the SAC alleges that the cargo needed to be replaced and the shipping transaction repeated. *Id.* ¶¶ 1, 25-26. Plaintiff alleges that Defendant abandoned the damaged cargo, thus forcing it to store the cargo in a warehouse in Miami. *Id.* ¶¶ 23-24, 27-28. The SAC further alleges that Defendant has willfully failed to fulfill its contractual obligations by failing to deliver the cargo in good order and that Plaintiff has accordingly been damaged by Defendant's actions. *Id.* ¶¶ 29-30.

---

[1] A copy of the contractual agreement between the parties is attached to the SAC. *See* ECF No. [26-3] ("Air Waybill").

Count II of the SAC is alleged to be "limited to extra-contractual damages." *Id.* at 7 n.1. Indeed, the SAC states that, "[t]o the extent the amounts spent in securing, transporting and storing the cable rheels [sic] are deemed to fall outside the contact, [Plaintiff] is entitled to receive reimbursement of the for these expenses incurred and benefits bestowed upon [Defendant]." *Id.* ¶ 41. "If any of these damages are found to be beyond the contract, [Plaintiff] has no other adequate remedy at law, and it would be inequitable for [Defendant] to retain the benefits of [Plaintiff's] efforts in securing, transporting and storing the cable rheels [sic]." *Id.* ¶ 42. Therefore, Plaintiff asserts its count of unjust enrichment against Defendant "in the event the damages incurred as a result of securing, transporting and storing the cables rheels [sic] fall outside the scope of the contract between the parties[.]" *Id.* at 8.

Defendant now moves to dismiss the unjust enrichment count of the SAC, contending that Plaintiff cannot plead a cause of action for unjust enrichment when an express contract exists and neither party contests its existence.

## II. LEGAL STANDARD

Rule 8 of the Federal Rules requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the

speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6), which requests dismissal for "failure to state a claim upon which relief can be granted."

As a general rule, when reviewing a motion under Rule 12(b)(6), a court must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. V. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this principle does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1252 (11th Cir. 2006). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." (citing *Horsley v. Feldt*, 304 F.3d 1125 (11th Cir. 200))).

"On a Rule 12(b)(6) motion to dismiss, '[t]he moving party bears the burden to show that the complaint should be dismissed.'" *Sprint Sols., Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014) (quoting *Mendez-Arriola v. White Wilson Med. Ctr. PA*, No. 09-495, 2010 WL 3385356, at *3 (N.D. Fla. Aug. 25, 2010)). "The movant must support its arguments for dismissal with citations to legal authority." *Id.* (citing S.D. Fla. L.R. 7.1(a)(1)). "Where a defendant seeking dismissal of a complaint under Rule 12(b)(6) does not provide legal authority in support of its

arguments, it has failed to satisfy its burden of establishing its entitlement to dismissal." *Id.* (citing *Superior Energy Servs., LLC v. Boconco, Inc.*, No. CA 09-0321-KD-C, 2010 WL 1267173, at *5-6 (S.D. Ala. Mar. 29, 2010); *United States v. Vernon*, 108 F.R.D. 741, 742 (S.D. Fla. 1986)).

## III. DISCUSSION

Defendant's primary argument for dismissal is that Plaintiff's unjust enrichment claim is unavailable as a matter of law because an express contract exists between the parties. Additionally, Defendant argues that, even if Plaintiff can assert its claim for unjust enrichment in the alternative, it has failed to sufficiently plead the requisite elements in the SAC. Plaintiff responds that, even when an express contract exists, a viable claim for unjust enrichment can arise where the damages sought fall outside the scope of the contract and the damages awarded from the breach of contract would be inadequate to cover the total damage incurred. Plaintiff argues that the unjust enrichment count in this case is specifically alleged in the alternative to the breach of contract count, in the event that any of the damages alleged are not covered under the contractual agreements. Thus, Plaintiff contends that the unjust enrichment count is properly alleged and Defendant has not indicated that the damages incurred are fully encompassed by the parties' agreements here.

The general rule in Florida is that a plaintiff cannot pursue an equitable remedy, such as a claim for unjust enrichment, "where an express contract exists concerning the same subject matter." *Kovtan v. Frederiksen*, 449 So. 2d 1, 1 (Fla. 2d DCA 1984). Therefore, an "unjust enrichment claim is precluded by the existence of an express contract between the parties concerning the same subject matter." *Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So. 2d 696, 697 (Fla. 1st DCA 2008); *see also 1021018 Alberta Ltd. v. Netpaying, Inc.*, No. 8:10-cv-568-T-27MAP, 2011 WL 1103635, at *5 (M.D. Fla. Mar. 24, 2011) (Florida courts have held that "a plaintiff cannot pursue a quasi-contract claim for unjust enrichment if an express contract exists

concerning the same subject matter."); *Zarrella v. Pac. Life Ins. Co.*, 755 F. Supp. 2d 1218, 1227 (S.D. Fla. 2010). However, a party may plead a cause of action for unjust enrichment in the alternative to a breach of contract count. *See ThunderWave, Inc. v. Carnival Corp.*, 954 F. Supp. 1562, 1566 (S.D. Fla. 1997). One instance where a party may properly assert an alternative claim for unjust enrichment where a valid contract otherwise exists is "when the quasi-contractual claims concern matters which are outside the scope of the contract." *AutoNation, Inc. v. GAINSystems, Inc.*, No. 08-61632-CIV, 2009 WL 1941279, at *4 (S.D. Fla. July 7, 2009) (citing *In re Managed Care Litig.*, 135 F. Supp. 2d 1253, 1269 (S.D. Fla. 2001) (recognizing the legitimacy of a quasi-contractual claim despite the existence of a contract because "there may be matters of dispute which are outside the scope of the contracts")).

As noted in the Court's prior Order, Plaintiff is correct that, generally, the existence of a valid contract, on its own, does not bar an unjust enrichment claim where the damages alleged fall outside the scope of the contract. Moreover, in the SAC, Plaintiff has now included explicit allegations detailing the scope of the unjust enrichment count—namely, Count II is limited to damages Plaintiff incurred in securing, transporting, and storing the damaged cable reels that are not covered by the parties' contractual agreements. ECF No. [26] ¶¶ 41-42. In other words, Plaintiff's SAC asserts a count of unjust enrichment, *only to the extent that it has an inadequate remedy at law*. The Court therefore concludes that the unjust enrichment count may proceed, especially where there is no indication that Defendant admits any such damages would be encompassed within the parties' agreements. *See In re Managed Care Litig.*, 135 F. Supp. 2d 1253, 1269 (S.D. Fla. 2001) (noting that there may be matters of dispute falling outside of the scope of the contractual agreements and concluding that the unjust enrichment counts could therefore proceed); *see also Harris v. Nordyne, LLC*, No. 14-CIV-21884, 2014 WL 12516076, at *8 (S.D.

Fla. Nov. 14, 2014) ("an unjust enrichment claim can only be pled in the alternative if one or more parties contest the existence of an express contract governing the subject of the dispute" (citing *Speier-Roche v. Volksw Agen Grp. of Am. Inc.*, 2014 WL 1745050, at *8 (S.D. Fla. Apr. 30, 2014))). At this point in the proceedings, the Court cannot determine whether the express contract governs the additional costs incurred by Plaintiff and it would be premature to dismiss the unjust enrichment count on this basis.

Moreover, a review of the allegations set forth in the SAC in support of the unjust enrichment count reveals that this count sufficiently pleads each element of unjust enrichment. In Florida, "[t]o establish a cause of action for unjust enrichment/restitution, a Plaintiff must show that '1) the plaintiff has conferred a benefit on the defendant; 2) the defendant has knowledge of the benefit; 3) the defendant has accepted or retained the benefit conferred; and 4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it.'" *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1328 (11th Cir. 2012) (quoting *Della Ratta v. Della Ratta*, 927 So. 2d 1055, 1059 (Fla. 4th DCA 2006)); *Weinberg v. Advanced Data Processing, Inc.*, 147 F. Supp. 3d 1359, 1368 (S.D. Fla. 2015).

Here, the SAC alleges the following in support of the alternative claim for unjust enrichment:

> 37. Mercury agreed to provide cargo services from start to finish to transport the goods for Quantum in exchange for payment, but failed to do so.
> 38. Quantum paid for those cargo services and spent additional money picking up the damaged and abandoned cable rheels and safeguarded them.
> 39. Mercury has not had to spend any money to secure the cable rheels or deal with them after they were damaged and abandoned.
> 40. Mercury benefitted as a result of the Quantum's efforts and amounts expended to secure, transport and store the cable rheels and in the safe keeping of the cable rheels themselves, as well.
> 41. To the extent the amounts spent in securing, transporting and storing the cable rheels are deemed to fall outside the contact, Quantum is entitled to receive

> reimbursement of the for these expenses incurred and benefits bestowed upon Mercury.
>
> 42. If any of these damages are found to be beyond the contract, Quantum has no other adequate remedy at law, and it would be inequitable for Mercury to retain the benefits of [] Quantum's efforts in securing, transporting and storing the cable rheels.

ECF No. [26] ¶¶ 37-42.

Those allegations establish that plaintiff has conferred a benefit upon Defendant by incurring the costs to pick up, transport, store, and safeguard the damaged cargo after Defendant abandoned the cargo. Likewise, the allegations in the SAC explain that it would be inequitable for Defendant to retain the benefit Plaintiff has conferred by absorbing the costs of transporting and storing the abandoned cable reels, and that Plaintiff is entitled to receive reimbursement of such costs, to the extent that these costs fall outside of the scope of the parties' contractual agreement. These allegations sufficiently plead a cause of action for unjust enrichment. As such, Defendant's Motion is denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [27],** is **DENIED**. Defendant may file an amended answer by no later than June 21, 2021.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 11, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record